UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE DPH HOLDINGS CORP.,

                           Debtor.
--------------------------------------------------------------:
JAMES SUMPTER,

                           Plaintiff,
       -v-

DPH HOLDINGS CORP.,

                           Defendant.
------------------------------------------------------------X

11 Civ. 8443 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/12

PAUL A. ENGELMAYER, District Judge:

       The Court has received appellant's January 3, 2012 letter alleging that appellee failed to submit a timely and/or proper response brief, as well as appellee's January 5, 2012 letter in response. Both letters (although not the exhibits attached to appellee's letter) are attached here.

       The Court construes appellant's January 3, 2012 letter as a motion to strike the appellee's brief as untimely and improperly filed. The Court further construes the appellee's January 5, 2012 letter as a timely response to that motion.

       Apellant's motion to strike appellee's brief is denied. First, appellee's brief is properly submitted. Appellee's counsel has represented to the Court that she has filed a motion to be admitted *pro hac vice*, and that such motion is currently pending before the Court. Accordingly, counsel for the appellee cannot make an appearance in this matter until counsel is admitted to practice in this District. Responding to these circumstances, appellee requested permission from the Court to permit submission, in the interim period until counsel is admitted *pro hac vice*, of appellee's brief both on the docket of the underlying bankruptcy case, as well as in hard copy to

this Court, which the Court granted. The hard copy of appellee's brief, which was sent to this Court by appellee forthwith after the Court granted the appellee's above request, is date-stamped December 22, 2011, one day prior to the filing deadline. Second, appellant fails to allege that appellee's manner of service created any prejudice toward him or his ability to adequately present his appeal to this Court. In fact, appellant makes no claim that his actual receipt of appellee's brief was untimely. For these reasons, the appellant's motion to strike appellee's brief is denied.

Upon admission *pro hac vice*, appellee's counsel shall forthwith make an appearance in this matter, and shall file the appellee's brief electronically pursuant to S.D.N.Y. local rules.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: January 6, 2012
       New York, New York

21169 Westbay Circle
Noblesville, IN 46062
January 3, 2012

The Honorable Paul A Engelmayer, District Judge-SDNY
The Honorable Henry J. Pitman, Magistrate Judge- SDNY
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Regarding Appellee's failure to submit a timely Response Brief in regards to the Recoupment Appeal (Case No.-11-cv-08443-PAE - Docket # 5 ):**

Dear Judge Engelmayer and Judge Pitman:

  I am writing to request that the court issue a ruling that stipulates that the Appellee, DPH Holdings, has failed to submit a timely and/or proper Appeal Response Brief and that for the Recoupment Appeal, the Appellant brief shall be the only brief to be considered. The reasons for this request are as follows:

  The Appellee brief was due on 23-DEC-2011, but has yet to be docketed, making it more than 10 days late, as of the date of this letter, which is In violation of **Fed. R. Bankr. P. 8009-10** and **Judge Engelmayer's Individual Practices in Civil Cases, # 4D.**

  It should be noted that the Appellee e-mailed (to the Appellant) a brief purported to be the response brief on 22-DEC-2011(11:30pm). It should also be noted that, by chance, the Appellant discovered, what appeared to the Appellee Response Brief on the Delphi bankruptcy docket (docket # 21777 ).

  The Court should also note that the Appellant was improperly served by e-mail, which is in violation of **Fed. R. Civ. P. 5 (b) (2) (E).** In addition, the Appellee has had more than ten days to identify and correct any filing error, which would have been apparent if the Appellee had been monitoring the Appeal Docket. **EFC rule 9.1** states: " *It remains the duty of the Filing User to regularly review the docket sheet of the case.* "

  In reference to **Fed. R. Civ. P. 5 (b) (2) (E)** and the Appellee "Response Brief"; the brief was e-mailed to the Appellant and is non-compliant, since the Appellant has not indicated in any form (especially in writing) that e-mail service of filed documents was acceptable.

It should also be noted that **SDNY- ECF Rule 9.2** requires that for *pro se* parties who are not Filing Users (of EFC) shall be served with a paper copy of any electronically filed pleading or other document.

It should also be noted that the brief docketed on the Delphi docket (#21777 ), which is 14.2 megabytes in size, exceeds, the EFC size maximum of 4 megabytes(**SDNY- ECF Rule 23.3**). Thus, there is a continuing pattern by the Appellee attorneys of disrespecting the Court, Federal rules, and local rules in relation to Civil Procedure. Previous instances of rule violations are documented in the Appellant Brief (Docket #5).

Therefore, I respectfully request that the Court issue a ruling that stipulates that any response brief by the Appellee is untimely and/or improper in that it does not conform to established Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Rules of the SDNY, and is therefore disallowed; and as a result, the Court shall consider the "Recoupment Appeal" based only on the Appellant brief.

Sincerely,

James B. Sumpter

Dated: Noblesville, Indiana
January 3, 2012

James B. Sumpter, pro se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

# BUTZEL LONG
ATTORNEYS AND COUNSELORS

*a professional corporation*

Cynthia J. Haffey
313 983 7434
haffey@butzel.com

Suite 100   150 West Jefferson
Detroit, Michigan 48226
T: 313 225 7000  F: 313 225 7080
butzel.com

January 5, 2012

**HAND DELIVERED**

The Honorable Paul A. Engelmayer
The Honorable Henry J. Pitman
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: Response to Appellant James Sumpter's January 3, 2012 Letter to the Court
> Case No. 11-08443 – Sumpter v. DPH Holdings Corp. et al.

Dear Judge Engelmayer and Judge Pitman:

We represent the Appellee, Reorganized Debtors DPH Holdings Corp, et al., in the appeal before this Court from an order of the bankruptcy court. In Appellant James Sumpter's letter dated January 3, 2012, Mr. Sumpter requests that this Court disallow Appellee's brief and decide the pending appeal "based only on the Appellant's brief." As an initial matter, Mr. Sumpter's request is not properly before this Court. Apart from its lack of merit, it is procedurally improper to request such a ruling on the basis of a letter to the Court. Although we strongly object to Mr. Sumpter's method and ask that the Court deny his request, we nevertheless feel it is necessary to address the assertions in Appellant's letter.

Mr. Sumpter argues that Appellee's brief should be disregarded because it "has yet to be docketed" in violation of Bankruptcy Rule 8009-10 and Section 4(D) of this Court's Individual Practices in Civil Cases. Mr. Sumpter's assertion is not correct. Appellee's brief was filed and docketed one day before due, on December 22, 2011. Further, the brief, along with all exhibits, was contemporaneously sent to Mr. Sumpter via e-mail. (Mr. Sumpter acknowledges in his letter that he received Appellee's brief on December 22nd).

It is a matter of record that Appellee's brief was filed and recorded on the main docket of the Southern District of New York Bankruptcy Court, Case No. 05-44481. Mr. Sumpter further acknowledges in his letter that he was aware of the Bankruptcy docket filing.

Appellee's brief was not docketed on the district court docket because, on the day of the filing, a paralegal at our firm, Alexis Richards, spoke with Your Honor's clerk and several of the

Ann Arbor   Bloomfield Hills   Detroit   Lansing   New York   Washington D.C.
Alliance Offices   Beijing   Shanghai   Mexico City   Monterrey   Member Lex Mundi   www.butzel.com

000141814\0003\1318209-1

The Honorable Paul A. Engelmayer
The Honorable Henry J. Pitman
January 5, 2012

District Court ECF clerks to inform them that we were in the process of filing our applications for pro hac vice and obtaining registration and login credentials to e-file with the District Court. Ms. Richards was informed that we should file the appeal brief on the bankruptcy court docket and to send a date-stamped courtesy copy of the filing to Your Honor's chambers until the brief could be transferred to the district court docket. *See* **Attachment A**, Declaration of Alexis Richards. A date-stamped copy of the appeal brief and exhibits were mailed to chambers on December 27, 2011. *See* **Attachment B**, 12/27/11 cover letter to Judge Engelmayer with CC: Judge Pitman. As a result, there is no "filing error" as Mr. Sumpter contends.

Mr. Sumpter also incorrectly argues that Appellee's brief exceeds the ECF filing size limitations pursuant to SDNY-ECF Rule 23.3. Specifically, Mr. Sumpter argues that the brief is 14.2MB in size which exceeds the 4MB size under the ECF Rule. According to ECF Rule 23.3, "[n]o single PDF file may be larger than [4MB]" and that "[i]f the filing is too large, the ECF system will not allow it to be filed...." This is certainly not the case here where the brief and exhibits were divided into multiple PDFs to accommodate for this rule and none of the files were rejected by the ECF system. Further, in making this argument, Mr. Sumpter again acknowledges that he has accessed the brief via the Bankruptcy docket so he cannot (nor does he) claim any prejudice by the alleged errors listed in his letter.

Mr. Sumpter also argues that the appeal brief was improperly served. Yet, Mr. Sumpter also acknowledges that he received Appellee's brief when filed. On the day of filing, Appellee's brief was e-mailed to Mr. Sumpter at approximately 9:20 PM (not 11:30 PM as Mr. Sumpter argues). *See* **Attachment C**, e-mail to Mr. Sumpter attaching appeal brief and exhibits. Due to the time of the filing and the large amount of exhibits (approximately 1,132 pages long), e-mail was the quickest and most efficient way to timely deliver the brief to Mr. Sumpter on the day of filing. Inadvertently, a copy of the brief was not served by mail or otherwise, but this resulted in no prejudice to Mr. Sumpter. In fact, at no point in time did Mr. Sumpter contact our office to bring to our attention any deficiency in service. If he had contacted us, we would have had no problem sending a paper copy to Mr. Sumpter, which we have prepared the same for personal service today to Mr. Sumpter. Unfortunately, Mr. Sumpter instead decided to wait and write a letter in an effort to persuade this Court that Appellee's brief should be disregarded for technical reasons. Mr. Sumpter admits that he was in receipt of Appellee's e-mail attaching the brief and exhibits and also admits to accessing the brief on the Bankruptcy docket. Most importantly, Mr. Sumpter fails to state how this has resulted in any prejudice to him. This is so because he has not been prejudiced in any way and is in receipt of Appellee's brief.[1] *See e.g., Tishman v. AP*, 2005 U.S. Dist. LEXIS 34356 (SDNY December 16, 2005) (a copy of which is attached as **Attachment D**).

---

[1] Furthermore, this is not the first time that Appellant received a filing by e-mail only. In fact, Appellee's Designation and Amended Designation of Additional Items on Appeal were similarly e-mailed to Mr. Sumpter without objection.



The Honorable Paul A. Engelmayer
The Honorable Henry J. Pitman
January 5, 2012

In *Tishman*, the court denied defendants' motion to dismiss based on lack of service of the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As stated by the court, "the failure of service is technical, and no prejudice to the unserved defendants has been shown or even claimed." *Id.* at *4. "[Defendants] manifestly received notice of the action and of the contents of the complaint. Counsel has appeared on their behalf, and brought this motion . . . Under the circumstances, no interest of justice would be served by dismissing the action." *Id.* at *4-5.

Likewise, no interest of justice would be served by granting Mr. Sumpter's request that the Appellee's brief be disallowed where the service error was technical and there was no prejudice to Mr. Sumpter (actual or claimed). This is true particularly because Mr. Sumpter acknowledges that he was in receipt of the appeal brief, was aware of the Bankruptcy docket filing, and failed to notify counsel of any alleged service error so counsel could have an opportunity to correct it.

Based on the foregoing, we respectfully request that this Court disregard Mr. Sumpter's letter and allow the appeal to proceed accordingly.

Sincerely,

*Cynthia J. Haffey*

Cynthia J. Haffey

CJH/rmw
Enclosures
Cc:  James B. Sumpter – via email and U.S. Mail